JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAUN BRUINS,<br><br>                    Plaintiff,<br><br>          v.<br><br>WALMART, INC., a Delaware corporation; DIANE RAMIREZ, an individual; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 2:24-cv-08220-SPG-MAR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 17]** |

Before the Court is the Motion to Remand (ECF No. 17 ("Motion")) filed by Plaintiff Javaun Bruins ("Plaintiff"). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court GRANTS the Motion.

## I.    BACKGROUND

### A.    Factual Background

According to the operative Complaint, Plaintiff was hired as a "fresh associate" by Defendant Walmart, Inc. ("Walmart") on September 7, 2018. (ECF No. 17-2 (Third Amended Complaint ("TAC")) ¶ 12). In that role, he was supervised by Walmart's

management team, including Defendant Diane Ramirez ("Ramirez" (collectively with Walmart, "Defendants")).  (*Id.*).

The TAC alleges six violations of California's Fair Employment and Housing Act ("FEHA") and one claim of wrongful termination based on a series of allegedly harassing, retaliatory, and discriminatory acts by Walmart's management.  Plaintiff alleges that he faced discrimination on the basis of disability when, after injuring his lower back in the performance of his job duties, management pressured him to work at a faster rate and wrote him up for inadequate performance.  (*Id.* ¶¶ 13, 16-17).  Plaintiff also alleges that he was discriminated against on the basis of race since, as the only Black fresh associate, he was assigned to the "least desirous" frozen department and overheard a manager refer to him by a racial epithet on at least one occasion.  (*Id.* ¶¶ 12, 18, 23).  Plaintiff filed a number of complaints with Walmart's Ethics Department, which he asserts led to retaliation and further harassment by Walmart's management.  (*Id.* ¶¶ 18-19, 23-24, 29).  Plaintiff was eventually terminated by Walmart on February 13, 2024.  (*Id.* ¶ 37).

Specific to Ramirez, the TAC asserts a single claim of harassment on the basis of race and disability.  (*Id.* ¶¶ 61-73).  Plaintiff alleges that he and Ramirez had a contentious relationship and that he filed a complaint to Walmart's Ethics Department about comments she and another manager were making.  (*Id.* ¶ 18).  Shortly thereafter, Plaintiff was confined to working in the frozen department, which he describes as "the least desirous because of the frigid temperature."  (*Id.* ¶¶ 12, 18).  Plaintiff asserts that he overheard Ramirez complain about his work and state "that is why he . . . is in the frozen department." (*Id.* ¶ 21).  Citing information from a co-worker, he also asserts that Ramirez worked with higher-level management to ensure that Plaintiff would be kept in that department.  (*Id.* ¶ 22).  On one occasion, Plaintiff states that Ramirez walked up to a co-worker while Plaintiff was speaking to her and said, "Now, he wants to be your friend."  (*Id.* ¶ 25).  On another occasion, Ramirez told Plaintiff to take his headphones off and put them in his car, even though other employees were wearing headphones.  (*Id.* ¶ 29).  Finally, in April 2023, Ramirez, who knew that Plaintiff was in charge of cleaning the back room, went to the

room and left pieces of produce and wood chips, leading to Plaintiff being written up. (*Id.*
¶ 35).  Plaintiff alleges that this harassment altered the conditions of his employment and
was based on his race, disability, and need for accommodations. (*Id.* ¶¶ 64, 66-67).

### B.    Procedural Background

Plaintiff initiated this action in Los Angeles County Superior Court on September
25, 2023. (ECF No. 3-1 ("Complaint")).  Plaintiff subsequently filed a First Amended
Complaint on October 20, 2023, (ECF No. 3-3), to which Defendants filed a partial
demurrer on December 4, 2023, (ECF No. 3-5).  Following Plaintiff's termination on
February 13, 2024, the parties stipulated to allow Plaintiff to file a Second Amended
Complaint adding a claim for wrongful termination, which he did on June 14, 2024. (ECF
No. 3-11; ECF No. 3-12 ("SAC")).  Defendants then filed a demurrer to the SAC on July
15, 2024. (ECF No. 3-14).  On August 15, 2024, the Superior Court sustained the demurrer,
in part, and overruled the demurrer, in part. (ECF No. 17-3 ("Superior Court Order")).  As
relevant here, the court sustained the demurrer as to Plaintiff's harassment claim against
Ramirez and granted leave to amend within thirty days. (*Id.* at 8).  Plaintiff then filed the
TAC on August 28, 2024, (TAC), and Defendants answered on September 23, 2024, (ECF
No. 3-21).

On September 24, 2024, Defendants removed this action to federal court, asserting
that Ramirez was fraudulently joined and therefore did not destroy complete diversity.
(ECF No. 1 ¶¶ 25-27).  Plaintiff then filed the instant Motion to Remand on October 24,
2024. (Mot.).  Defendants timely opposed on January 10, 2025, (ECF No. 26
("Opposition")), and Plaintiff replied in support of the Motion on January 15, 2025, (ECF
No. 28 ("Reply")).

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction
only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian
Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action
filed in state court to federal court if the federal court would have had original jurisdiction

over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). Diversity jurisdiction requires that each plaintiff has different citizenship than each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the person resides at the person's "permanent home" with the intent to remain or the place to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III.  DISCUSSION

The parties agree that both Plaintiff and Ramirez are domiciled in California and that, if Ramirez is properly joined, this Court does not have subject matter jurisdiction. (Mot. at 5); (Opp. at 2-3). However, Defendants contend that Ramirez was fraudulently joined and should not be considered in assessing diversity because "Plaintiff fails to plead facts that would allow for any possibility of recovery" against her. (Opp. at 3).

There are two ways a defendant may establish fraudulent joinder: (1) by showing actual fraud in the plaintiff's pleading of jurisdictional facts; or (2) by showing the plaintiff's inability "to establish a cause of action against the non-diverse party." *Grancare*, 889 F.3d at 548 (citation omitted). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants,

-4-

1    the federal court must find that the joinder was proper and remand the case to the state
2    court." *Hunter v. Philip Morris, USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (citation
3    omitted).   This burden evinces the "general presumption against fraudulent joinder."
4    *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  If the
5    removing party can show, however, that "the plaintiff fails to state a cause of action against
6    a resident defendant, and the failure is obvious according to the settled rules of the state,"
7    then the Court may find the resident defendant was fraudulently joined.  *Id.*  (citation
8    omitted).

9        Under FEHA, it is unlawful "[f]or an employer . . . or any other person, because of
10    race . . . , physical disability, mental disability, [or] medical condition . . . to harass an
11    employee."  Cal Gov't Code § 12940(j)(1).  An individual "employee of an entity subject
12    to this subdivision is personally liable for any harassment prohibited by this section that is
13    perpetrated by the employee."  *Id.* § 12940(j)(3).  To make out a harassment claim, "an
14    employee must show she was subjected to harassing conduct that was (1) unwelcome;
15    (2) because of [a protected characteristic]; and (3) sufficiently severe or pervasive to alter
16    the conditions of her employment and create an abusive work environment."  *Bailey v. S.F.*
17    *Dist. Attorney's Off.*, 16 Cal. 5th 611, 627 (2024).  California courts have explained that
18    "harassment focuses on situations in which the *social environment* of the workplace
19    becomes intolerable because the harassment (whether verbal, physical, or visual)
20    communicates an offensive message to the harassed employee."  *Roby v. McKesson Corp.*,
21    47 Cal. 4th 686, 706 (2009).  This is distinguished from discrimination claims, which focus
22    on "bias in the exercise of *official actions* on behalf of the employer."  *Id.*  at 707 (emphasis
23    added).

24        Defendants argue that Plaintiff could not possibly state any claim against Ramirez
25    because "the state court already sustained a demurrer on the sole cause of action against
26    her." (Opp. at 3).  Defendants contend that, although the superior court granted Plaintiff
27    leave to amend, the amendments Plaintiff made do not "create a possibility of prevailing
28    against Defendant Ramirez."  (*Id.*).  Defendants also point out that California courts

distinguish between harassment and discrimination claims, and they argue that much of the evidence relied on in the TAC consists of "official acts" that cannot constitute harassment. (*Id.* at 6).  They also argue that the allegations in the TAC are not sufficiently "demeaning or abusive" to meet the severity requirement and that there are no specific allegations that Ramirez acted because of Plaintiff's protected characteristics.  (Opp. at 6-7).

While the Court agrees that, as currently pleaded, the TAC likely fails to state a claim against Ramirez, the Court is not persuaded that Ramirez has been fraudulently joined.  "[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). Rather, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla*, 697 F. Supp. 2d at 1159 (internal quotation marks, citation, and brackets omitted).  Thus, where a removing defendant's arguments are "premised on pleading deficiencies of the type curable by amendment," the defendant has not been fraudulently joined.  *Martinez v. Gen. Dynamics C4 Sys., Inc.*, No. C-12-0326 MMC, 2012 WL 1831569, at *2 (N.D. Cal. May 18, 2012); *see, e.g.*, *Smith v. Quality Loan Serv. Corp.*, No. Civ S-11-2108 KJM-EFB, 2012 WL 202055, at *5 (E.D. Cal. 2012) (rejecting fraudulent joinder where plaintiff had a "potentially viable claim" because "any deficiencies in the complaint would tend to support granting leave to amend"); *Vasquez v. Bank of Am., N.A.*, No. SA CV 15-0006-DOC (JCGx), 2015 WL 794545, at *4 (C.D. Cal. Feb. 23, 2015) ("Defendants have not shown that Plaintiff could not amend his complaint such that he could state a valid claim."); *Nickelberry v. DaimlerChrysler Corp.*,  No. C-06-1002 MMC, 2006 WL 997391, at *1 (N.D. Cal. Apr. 17, 2006) (remanding for lack of diversity where defendant failed to show that plaintiff "would not be afforded leave to amend her complaint to address the purported pleading deficiency").

Here, Defendants argue that the TAC is deficient, but they have not shown that these deficiencies could not be cured by amendment. While the superior court did previously sustain Defendants' demurrer, it did so because the SAC was "not a model of clarity" and "repeatedly attribute[d] conduct to 'Defendant' without specifying which defendant, or to 'Defendants' without specifying whether the conduct was perpetrated by Defendant Ramirez or by some other person acting on behalf of Defendant Walmart." (Superior Court Order at 8). The only acts directly attributed to Ramirez in the SAC, and thus the only subjects of the court's analysis, were "consulting with manager Panizi to keep Plaintiff in the frozen department, [] harassing Plaintiff regarding his headphones while other employees have ear sound devices, and [] her snide comments about Plaintiff." (*Id.*). In the TAC, Plaintiff has added additional allegations about specific comments made by Ramirez, provided greater clarity as to which actions are attributable to Ramirez, and introduced new allegations about Ramirez's conduct. *See* (TAC ¶¶ 18, 22, 29, 35, 66). Thus, whether the allegations are sufficiently severe has not yet been fully tested.

Additionally, while Defendants argue that many of the allegations better support a claim of discrimination than harassment, Plaintiff could be permitted to amend his complaint to allege such a claim. Moreover, "[a]lthough discrimination and harassment are separate wrongs, they are sometimes closely interrelated, and even overlapping, particularly with regard to proof." *Roby*, 47 Cal. 4th at 707. "[I]n some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and therefore evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim." *Id.* at 708.

Finally, while Defendants may be correct that the TAC lacks specific allegations as to Ramirez's discriminatory intent, this appears to be a "pleading deficienc[y] of the type curable by amendment." *Martinez*, 2012 WL 1831569, at *2. California law requires proof that the protected characteristic was a "substantial factor" in the harassment. *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 280 (2006) (citation omitted). The Court cannot conclude as a matter of law at this time that Plaintiff cannot meet that standard

through amendment. While Defendants argue that further leave to amend would not be warranted because Plaintiff has already had "*four bites* at the apple," (Opp. at 3), the superior court in fact only ruled on the merits of Plaintiff's complaint one time. *See* (Superior Court Order). All other amendments were stipulated to or as of right. Moreover, as discussed above, because of the lack of clarity in the SAC, the superior court still has not analyzed the merits of the claim against Ramirez in any detail. It is thus not clear to the Court that further leave to amend would be futile or that Plaintiff could not possibly state a claim for relief against Ramirez. Accordingly, the Court finds that Ramirez has not been fraudulently joined.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. This action is REMANDED to the Los Angeles County Superior Court and this case is closed.

**IT IS SO ORDERED.**

DATED: March 6, 2025



HON. SHERILYN PEACE GARNETT

UNITED STATES DISTRICT JUDGE